REILLY, P.J. (dissenting).
¶ 25 It is undisputed that Fond du Lac County circuit court had exclusive jurisdiction over Hinkle per WIS. STAT. § 938.12(1) on November 18-19, 2015. Majority, ¶ 14. As such, it was the circuit court's statutory obligation under WIS. STAT. §§ 938.01(2)(c) and 938.18(5) to decide whether Hinkle and the public would be best served by having Hinkle remain in the juvenile system or be waived into adult court. The majority errs by removing the discretion of a judge to individually assess a juvenile on the grounds of "once waived, always waived."
*627 ¶ 26 Whether to waive a child into adult court is a discretionary act under WIS. STAT. § 938.18(5).[1] A circuit court judge, *227 "[a]fter considering the criteria" in § 938.18(5), must state its findings as to the criteria on the record and only "if the court determines on the record that there is clear and convincing evidence that is contrary to the best interests of the juvenile or of the public to hear the case, the court shall enter an order waiving jurisdiction" and refer the matter to adult court. Sec. 938.18(6). This statutory procedure is fact-intensive-requiring consideration of the individualized needs of the juvenile, the services that are available in the county's juvenile system, and the needs of the public. The majority's adoption of a one-size-fits all criteria violates the core purpose of the juvenile justice system. We are not a "check-the-box" system of justice.
¶ 27 I also differ with my colleagues on the meaning of WIS. STAT. § 938.183(1)(b), which provides that "courts of criminal jurisdiction have exclusive original jurisdiction over"
[a] juvenile who is alleged to have violated any state criminal law if the juvenile has been convicted of a previous violation following waiver of jurisdiction ... by the court assigned to exercise jurisdiction under this chapter and [ WIS. STAT. ] ch. 48 or if the court assigned to exercise jurisdiction under this chapter and ch. 48 *628 has waived its jurisdiction over the juvenile for a previous violation and criminal proceedings on that previous violation are still pending.
(Emphasis added.) In this case, "the court assigned to exercise jurisdiction" was Fond du Lac County juvenile court, not Milwaukee County juvenile court. I agree with Hinkle that if the legislature intended a "once waived, always waived" justice system, it would have used the term "any court." For example, WIS. STAT. § 938.35(1)(b) provides that "[t]he disposition of a juvenile, and any record of evidence given in a hearing in court, is not admissible as evidence against the juvenile in any case or proceeding in any other court except" "[i]n a proceeding in any court assigned to exercise jurisdiction under this chapter and [ WIS. STAT. ] ch. 48." (Emphasis added.) Likewise, WIS. STAT. § 938.396(2g)(gm) also differentiates between "any court assigned to exercise jurisdiction" requesting records and "the court assigned to exercise jurisdiction" opening the records related to a juvenile. (Emphasis added.)
¶ 28 I am not opining on whether Hinkle should or should not have been waived. I dissent solely to the removal of discretion regarding waiver. Each county runs its own juvenile system, whereas the state runs the adult correctional system.[2] Fond *228 du Lac County *629 may place more emphasis on its juvenile justice system and may allocate significantly more resources per child/per capita than Milwaukee County in its juvenile services. The problems at the state-run facilities such as Lincoln Hills School and Copper Lake School are well known. By eliminating a court's discretion to consider "[t]he adequacy and suitability of facilities, services and procedures available for treatment of the juvenile and protection of the public within the juvenile justice system" as mandated by statute, the majority's "once waived, always waived" policy eliminates the decision as to what is in the "best interests" of the juvenile and the public. See WIS. STAT. § 938.18(5), (6).
¶ 29 An "adult" court cannot order a county to provide its juvenile services program to a child who has been waived into adult court-the child is under supervision of the Department of Corrections. Unfortunately, the root cause of many delinquent acts by juvenile offenders is found within their own homes: poverty, truancy, lack of education, lack of nourishment, absentee parents, drug abuse, etc. The Department of Corrections is not equipped to focus on the home or provide services within the home. Juvenile courts are where we have the authority to get into a *630 child's home and make the necessary changes to give the child a chance in life.[3] Lincoln Hills or Copper Lake do not.
¶ 30 As judges, we each have a duty to evaluate the person appearing before us. A "once waived, always waived" mandate avoids the need to make difficult decisions, but making difficult decisions is what we are called upon to do. When we remove discretion from circuit court judges, we move from a judicial system that examines the person to a business model that makes our jobs easier by adopting a "one-size-fits-all" philosophy. I respectfully dissent.

Waiver requires the circuit court judge to assess (1) the personality of the juvenile; (2) the prior record of the juvenile; (3) the type and seriousness of the offense; (4) the "adequacy and suitability of facilities, services and procedures available for treatment of the juvenile and protection of the public within the juvenile justice system, and, where applicable, the mental health system"; and (5) "the desirability of trial and disposition of the entire offense in one court if the juvenile was allegedly associated in the offense with persons who" are charged in adult court. Wis. Stat. § 938.18(5).

"A county or the state may be responsible for the costs of a juvenile's correctional placement based upon a juvenile's status as an adult or juvenile offender and the juvenile's court-ordered placement. This differs from adult corrections, for which the majority of correctional services and incarceration costs are funded by the state." Wisconsin Legislative Council, High-Risk Juvenile Offenders 15 (July 2, 2008). The Wisconsin Legislature, in 1979, enacted legislation requiring counties to pay for a portion of juvenile corrections services. Id. "Currently, counties are financially responsible for the majority of delinquent-related services provided." Id. The exceptions are for the care of those juveniles adjudicated as a serious juvenile offender and those juveniles who have been waived into adult court and sentenced to state prison but are placed in a juvenile facility. Wisconsin Legislative Fiscal Bureau, Juvenile Justice and Youth Aids Program 28 (Jan. 2017). Counties may supplement their funding for juvenile-justice related services through "community aids, other state aids to counties, county tax revenues and special grant monies." Id. at 28-29.

''Experts note that the tendency to commit crimes is age-specific, typically peaking in the late teen years and declining thereafter .... Therefore, offenses at a young age do not indicate future criminality, but rather suggest that rehabilitation can be effective, and longer sentences for juvenile offenders have little impact on crime or public safety." Laureen D'Ambra, A Legal Response to Juvenile Crime: Why Waiver of Juvenile Offenders is Not a Panacea , 2 Roger Williams U. L. Rev. 277, 285 (1997).